901 A.2d 337

IN THE MATTER OF JAMES P. HENRY, AN ATTORNEY
AT LAW (ATTORNEY NO. 235231967).

July 10, 2006.

## O R D E R

The Disciplinary Review Board having filed with the Court its decision in DRB 06–039, concluding that **JAMES P. HENRY** of **ASBURY PARK**, who was admitted to the bar of this State in 1967, and who has been suspended from the practice of law since March 22, 2004, by Order of the Court filed February 25, 2004, should be suspended from the practice of law for a period of three months retroactive to January 19, 2006, for violating *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 5.5(a) (practicing law while suspended), and *Rule* 1:20–20 (failure to file an

affidavit of compliance with the rules governing suspended lawyers), and good cause appearing;

It is ORDERED that **JAMES P. HENRY** is suspended from the practice of law for a period of three months and until the further Order of the Court, retroactive to January 19, 2006; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.